IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN C. JOHNSON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 04-3806 |
| | : | |
| v. | : | |
| | : | |
| PNC BANK, N.A., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

Presently before the Court are Defendants' Motion for Summary Judgment (Docket No. 13), Defendants' Statement of Undisputed Facts (Docket No. 14), Defendants' Memorandum of Law (Docket No. 15), Plaintiff's response to Defendants' Motion for Summary Judgment and Defendants' Statement of Undisputed Facts (Docket No. 20), and Defendants' Reply (Docket No. 21). For the reasons stated below, it is hereby **ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**.

The Court first will discuss Counts I and II of Plaintiff's Complaint. In Count I, Plaintiff brings a claim for disparate and racially discriminatory treatment under Title VII. Plaintiff avers a claim for racially motivated job harassment under Title VII in Count II. Generally, a plaintiff cannot bring Title VII claims in a civil lawsuit that were not exhausted at the administrative level. Johnson v. Chase Home Fin., 309 F. Supp. 2d 667, 671 (E.D. Pa. 2004). This exhaustion requirement serves two purposes. First, it places the employer on notice of the alleged violation and gives the employer the opportunity to take remedial action. Id. (citing Bihler v. Singer Co., 710 F.2d 96, 99 (3d Cir.1983)). Second, this requirement serves to notify

the EEOC of the alleged violation and thus gives the EEOC the opportunity to eliminate the alleged unlawful practice through informal methods of persuasion, conciliation and conference. Id. (citing Bihler, 710 F.2d at 99).  With respect to the instant matter, Plaintiff filed a complaint with the PHRC, which was dual filed with EEOC.  Plaintiff listed wrongful termination and wrongful suspension as the violations comprising her complaint; she failed to mention claims for disparate and racially discriminatory treatment and racially motivated job harassment.

The Court must determine if Plaintiff's failure to mention her claims for disparate and racially discriminatory treatment and racially motivated job harassment in her PHRC complaint forecloses her from pursuing those claims in this action.  "The relevant test in determining whether a plaintiff was required to exhaust her administrative remedies is whether the acts alleged in the subsequent suit are fairly within the scope of the prior administrative charges or the investigation(s) arising therefrom."  Id. (citing Antol v. Perry, 82 F.3d 1291, 1295 (3rd Cir. 1996)).  In addition to failing to list the claims for disparate and racially discriminatory treatment and racially motivated job harassment in her PHRC complaint, Plaintiff did not include the allegations giving rise to those claims, such as Defendant paying white employees more money, giving white employees a larger book of business, allowing white employees more autonomy in handling clients, providing priority to white employees in taking vacation time, and undermining Plaintiff to clients.  The incidents comprising Plaintiff's disparate and racially discriminatory treatment claim and racially motivated job harassment claim allegedly occurred in the months preceding Plaintiff's suspension and discharge, with the first incident occurring on or about July 1999.  The PHRC complaint solely focused on events occurring in May 2000, specifically on May 5, 2000 and May 23, 2000, involving Plaintiff's suspension and discharge.

Given that the sole focus of the Complaint was the events of May 2000, it is not fair to believe that the allegations comprising Plaintiff's Counts I and II, which were omitted in Plaintiff's PHRC complaint and occurred before the events mentioned in the PHRC complaint, were within the scope of the investigation.  Therefore, the Court **GRANTS** Defendants' Motion for Summary Judgment on Counts I and II for failure to exhaust administrative remedies.

With respect to Counts III and IV, which are claims for wrongful suspension and wrongful termination, the Court **DENIES** Defendants' Motion as issues of material fact exist.

Plaintiff has voluntarily withdrawn her claims against Defendant Elizabeth Burzio, Defendant Patti Highlands and Defendant Bruce Shipley.

**TRIAL** therefore is set for <u>Monday, July 10. 2006 at 10:00 a.m. in Courtroom 14A</u>.  A pretrial conference may be held at the request of the parties.

IT IS SO ORDERED this 9th day of March, 2006.

                                        BY THE COURT:


                                   _s/ Ronald L. Buckwalter, S. J._
                                  RONALD L. BUCKWALTER, S.J.